IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HARRIETTE J. LACKEY,**

    **Petitioner,**

v.

                                                     **Civ. 10-0132 WJ/GBW**

**STATE OF NEW MEXICO, DOÑA ANA
COUNTY SHERIFF'S DEPUTY
SERGEANT DAVID TESTA,
MAGISTRATE JUDGE RICHARD L.
SILVA,**

    **Respondents**.

**MEMORANDUM OPINION AND ORDER REMANDING CASE**

This matter comes before the Court on pro se Plaintiff Harriette J. Lackey's *Motion to Remand Back to Third Judicial Court*, filed Feb. 18, 2008, pursuant to 28 U.S.C. § 1447(c) [Doc. 4]. The Court, having considered the parties' arguments and the relevant law, concludes that the motion should be GRANTED.

**BACKGROUND**

Lackey filed a *Petition for Writ of Mandamus* in the Third Judicial District in Doña Ana County, New Mexico on January 8, 2010, specifically addressed to the "District Judge Assigned" apparently to her *criminal* case pending in that district, either in magistrate or district court[1]. Doc. 1, Ex. 1 at 1. She seeks an order that will (i) dismiss with prejudice the criminal "charges" that have been brought against her in that district and treat Defendant "Judge Silva's orders and judgments

---

[1] Lackey left blank the case number, and the clerk of the state court assigned the petition a civil case number instead of filing it in Lackey's criminal case. Lackey states that she mailed a copy of the petition to "all parties involved" on January 7, 2010. Doc. 1, Ex. 1 at 15. But the petition is not denominated as a "complaint" and no summonses were issued by the state court. *See* Doc. 1 (attaching the petition for mandamus as the only document filed in the case); Doc. 2 at 1 (statement from Defendant Sergeant Testa's counsel allegedly waiving and accepting service of process); Doc. 8 at 2 n.1 (noting that Sergeant "Testa was never properly served").

. . . [as] 'Legal Nullities'"[2]; (ii) require the Defendant Sergeant David Testa, who arrested her, to issue a "formal apology" to her; (iii) declare that the state criminal charges that she wants the court to dismiss cannot be brought against her ever again; and (iv) declare that the Respondents' acts violated her "rights to the equal protection of the laws." *Id.* at 12-13. Lackey purports to bring her petition for a writ of mandamus under state law and purportedly attached Testa's arrest report as a "defense exhibit" to the petition (which is not attached to the document filed in this Court). *See id.* at 1, 2. She contends that Defendant Testa, who was called to a "disturbance call" involving Lackey, another female, and a male, "fabricated" his arrest report and failed to include important events, including that, after he had told her she could leave, he drew his weapon and pointed it at her, and then forcefully "yanked" her out of her vehicle, causing her to fall to the ground and injuring her back, shoulder, neck, and both arms. *Id.* at 1-4. She states that Testa refused to allow her to take possession of her own truck, to check its registration to confirm that the truck in fact belonged to Lackey, or to give the keys to that truck back to her instead of allowing the other female (who had neither Lackey's permission to drive Lackey's truck nor a valid drivers' license) to keep her truck keys. *Id.* She states that she has "nothing against" Sergeant Testa "other than not doing what he took an oath to do: up-hold the law and make sure that Mrs. Lackey retrieved her vehicle and keys back," and does not request monetary damages from him any federal statute. *Id.* at 4. Testa removed the case to this Court on February 12, 2010. Lackey moved for remand on February 18, 2010.

---

[2] If Lackey's criminal case had originally been filed in a metro or magistrate court, perhaps she was seeking to appeal to the district court from orders issued by the magistrate judge.

## **ANALYSIS**

28 U.S.C. § 1441(b) provides for removal of an action from state to federal court when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). "[T]he propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991).

A review of Lackey's complaint shows that no federal question is presented on the face of Lackey's "properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. When alleging federal subject-matter jurisdiction, "[m]ere conclusory allegations of jurisdiction are not enough." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, (10th Cir. 1999). Rather, the Defendant must show that the plaintiff's well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936) (explaining

that the federal question must be "disclosed upon the face of the complaint, unaided by the answer or by the petition for removal"). Testa did not recite any facts giving rise to this Court's jurisdiction in the notice of removal, concluding only that "this case arises under 42 U.S.C. § 1983, and various federal constitutional amendments, and involves federal questions." Doc. 1 at 1. Although Lackey's Complaint does not request monetary damages or mention a federal statute, Sergeant Testa's counsel urges the Court to construe the *Petition for Writ of Mandamus* as an attempt to imply a claim against him in his individual capacity for monetary damages under 42 U.S.C. § 1983. In her motion for remand, Lackey contends that she purposefully did not file suit under § 1983 because she wanted to give the State "a chance to correct the unconstitutional acts" of Sergeant Testa; she also contends that the New Mexico appellate courts have jurisdiction over writs "of superintending control." Doc. 4 at 1-2.

The Court will not construe Lackey's Complaint to imply a claim that she did not bring. The Tenth Circuit has repeatedly stated that, when a plaintiff brings suit in a *state* court, the presumption is "against removal jurisdiction." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (applying the presumption in a case in which diversity was the alleged basis for removal) (internal quotation marks omitted).

> When a case is originally brought in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction. The same is not true, however, when the case has been removed from state court.
>
> In a removed case, unlike a case instituted in federal court, the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end."
>
> *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury*, 303 U.S. at 290, 58 S. Ct. 586); *see also Miera*, 143 F.3d at 1340.

Thus in a removed case, "[t]he defendant's claim that the amount in controversy exceeds $50,000 does not enjoy the *St. Paul Mercury* presumption of accuracy that the plaintiff's does." *Singer*, 116 F.3d at 376.

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

*Id.* at 289-90 (certain citations omitted). Testa did not meet his burden of establishing federal-question jurisdiction by setting "forth in the notice of removal itself, the *underlying facts* supporting the assertion" that this Court has jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (internal quotation marks and bracket omitted) (italics in original). Accordingly, this case must be remanded.

**IT IS, THEREFORE, ORDERED** that Lackey's *Motion to Remand* [Doc. 4] is GRANTED and that this case is REMANDED to the Third Judicial District Court, Doña Ana County, New Mexico; and that the Clerk shall mail a certified copy of this order of remand to the clerk of the State court.

_____
**UNITED STATES DISTRICT JUDGE**

5