IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HARRIETTE LACKEY,

    Plaintiff,

v.                                                                                                                  CIV 10-0132 WJ/GBW

STATE OF NEW MEXICO,
DAVID TESTA, and RICHARD
L. SILVA,

    Defendants.

### ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** is before the Court on Plaintiff Lackey's Motion for Appointment of Counsel. *Doc. 21.* In considering Plaintiff's Motion for Appointment of Counsel, the Court has carefully reviewed the motion, relevant case law, and the pleadings filed in this action. For the reasons set forth below, the Court finds that the motion is not well-taken and should be **DENIED** at this time.

Plaintiff Lackey seeks appointment of counsel pursuant to 28 U.S.C. § 1915, and argues she is without funds or means to hire an attorney herself.[1] *Doc. 21.* "Under 28 U.S.C. § 1915(e)(1), a district court may, in its broad discretion, appoint counsel to an indigent

---

[1] Ms. Lackey's motion is five pages long and details factual assertions and arguments related to her claims. To the extent those arguments go beyond the appointment of counsel issue, the Court will consider them at the appropriate time.

party in a civil case, but civil litigants enjoy no constitutional right to an attorney." *Pinson v. Equifax Credit Information Services, Inc.*, 316 F. App'x 744, 749 (10th Cir. Mar. 10, 2009) (citations omitted). As an initial matter, Plaintiff's indigency has not been confirmed by this Court and Ms. Lakcey has neither requested to proceed *in forma pauperis*, nor submitted any financial affidavit demonstrating her inability to afford counsel.

When considering whether to appoint counsel for indigent plaintiffs, the factors a court should consider include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991)); *see also Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir. 1985)).

At this early stage of the litigation, the Court is without sufficient information to judge the merits of Plaintiff's claims, the nature of the factual issues or the complexity of the legal issues raised. Moreover, in addition to failing to attach an affidavit related to her ability/inability to pay costs and fees, Ms. Lackey has also failed to demonstrate that she has made any effort to obtain counsel from legal aid or legal services organizations without

2

payment of a fee or on a contingent fee basis. Accordingly, I find that Plaintiff has not met her burden, and the motion will be denied at this time.

Wherefore,

**IT IS HEREBY ORDERED THAT** Ms. Lackey's Motion for Appointment of Counsel (*Doc. 21*) is **DENIED**.

_____
UNITED STATES MAGISTRATE JUDGE