IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARRIETTE LACKEY,

    Plaintiff,

v.                                                            CIV 10-0132 WJ/GBW

STATE OF NEW MEXICO,
DAVID TESTA, and RICHARD
L. SILVA,

    Defendants.

## ORDER GRANTING MOTION TO TREAT PETITION AS § 1983 ACTION AND DENYING LEAVE TO FURTHER AMEND

THIS MATTER is before the Court on Plaintiff's Motion to Treat Petition as Title 42 U.S.C. 1983, 85(3) Civil Action and Defendant Testa's Response thereto. *Docs. 15, 17.* Because Plaintiff appears in this case *pro se*, the Court construes her pleadings and submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Upon review of Plaintiff's pleading, the Court considers it as two separate motions.[1] First, Plaintiff requests that the court construe her pending "Petition" as a complaint

---

[1] Plaintiff also requests appointment of counsel in this pleading. However, Plaintiff subsequently filed a stand-alone motion for appointment of counsel which has been denied. As such, this request is denied for the same reasons. *See Doc. 21, 22.*

pursuant to 42 U.S.C. § 1983. *Doc. 15* at 6, 11. There being no objection to such a construction, the court will so construe Plaintiff's Petition.

Second, plaintiff appears to seek leave to amend her complaint. Specifically, Plaintiff alludes to adding three additional defendants: (1) opposing counsel, Blaine Mynatt; (2) Assistant District Attorney James Dickens;[2] and (3) the District Attorney's Office.[3] *Id.* at 8-11. Plaintiff also seeks to add a request for injunctive relief against the District Attorney's Office. *Id.* at 11.

Rule 15(a), which governs motions for leave to amend complaints, commands that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). With respect to Mr. Mynatt, Mr. Dickens and the District Attorney's Office, Plaintiff makes only conclusory allegations about conspiratorial and prosecutorial misconduct. Such conclusory allegations are insufficient to state a claim. *See*

---

[2] It is not clear that Plaintiff's instant motion seeks to add James Dickens. She only states that James Dickens is "hopefully a Respondent/Defendant to be." *Doc. 15* at 8.

[3] Plaintiff seeks a temporary restraining order against "the Dona Ana County District Attorneys office." *Doc. 15* at 11. Given that Doña Ana County is the jurisdiction of the Third Judicial District Attorney, the Court assumes Plaintiff refers to that office.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). As such, adding those defendants (and the request for injunctive relief against the District Attorney's Office) would be futile. Therefore, to the extent Plaintiff seeks leave to amend her complaint, that request is denied without prejudice.[4]

WHEREFORE,

IT IS ORDERED that Plaintiff's Petition will be construed as a complaint pursuant to 42 U.S.C. § 1983.

IT IS FURTHER ORDERED that, to the extent Plaintiff is also seeking to amend her complaint, the motion is denied without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] If Plaintiff wishes to file a motion for leave to amend complaint in the future, she is directed to follow the local court rule which requires that the proposed amended complaint be attached to the motion. D.N.M.LR-Civ. 15.1.