IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARRIETTE LACKEY,

       Plaintiff,

v.                                    CIV 10-0132 WJ/GBW

STATE OF NEW MEXICO,
DAVID TESTA, and RICHARD
L. SILVA,

       Defendants.

ORDER DENYING MOTION TO ADD ADDITIONAL DEFENDANTS

THIS MATTER is before the Court on Plaintiff's Motion to Add Additional

Defendants' and for Reconsideration of Proposed Findings. Doc. 26. Given that the portion

of the Motion which seeks reconsideration of the Proposed Findings and Recommendations

will be construed as objections to such, it will be addressed by the presiding judge. This

order will address Plaintiff's request for adding defendants.

Plaintiff seeks to amend her complaint by adding the following individuals as

defendants: (1) Assistant District Attorney James Dickens; (2) Deputy Luis Corrales; (3)

Deputy Juan Flores; (4) Deputy Madson; (5) Counsel Blaine Mynatt; and (6) Deputy

Michelle Apodaca. Plaintiff also seeks to add the following claims against existing

Defendants: (1) Judge Richard Silva – claim of 1985 conspiracy; and (2) Deputy David Testa

– "'continued for excessive force and bodily damages,' false arrest and perjury before the

State grand jury, 'intentional Conspiracy' with James Dickens Assistant D.A., and Attorney Blain Mynett; Title 42 sec. 1983-1985 (3)."

Rule 15(a), which governs motions for leave to amend complaints, commands that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). With respect to each proposed additional defendant and each proposed additional claim, Plaintiff makes only conclusory allegations about conspiratorial. Such conclusory allegations are insufficient to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). As such, adding any of these defendants or any of these claims would be futile.

Moreover, as the court instructed Plaintiff previously, if she wishes to file a motion for leave to amend complaint in the future, she is directed to follow the local court rule regarding such motions. *See* D.N.M.LR-Civ. 15.1. Simply put, Plaintiff must file a motion which explains why justice requires that her amendments be permitted. *See* FED. R. CIV. P. 15(a)(2). Then, as an attachment to that motion, Plaintiff must submit her proposed amended complaint. As with any complaint, it must contain sufficient factual and non-conclusory allegations to state each proposed claim against each proposed defendant.

Further attempts to file a motion for leave to amend the complaint which do not comply with the local rule may be denied on that basis alone.

WHEREFORE,

IT IS ORDERED that Plaintiff's Motion to Add Defendants is DENIED without prejudice.

_____

UNITED STATES MAGISTRATE JUDGE

3