**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**HARRIETTE J. LACKEY,**

**Petitioner,**

**v.**

**Civ. 10-0132 WJ/GBW**

**STATE OF NEW MEXICO, DOÑA ANA COUNTY SHERIFF'S DEPUTY SERGEANT DAVID TESTA, MAGISTRATE JUDGE RICHARD L. SILVA,**

**Respondents**.

**MEMORANDUM OPINION AND ORDER REMANDING CASE**

This matter comes before the Court *sua sponte* and as part of the Court's "continuing obligation to examine . . . the [Court's] jurisdiction . . . whether or not raised by the parties." *Local 514 Transp. Workers Union v. Keating*, 358 F.3d 743, 749 n. 6 (10th Cir. 2004). The history of this case is as follows:

> Lackey filed a *Petition for Writ of Mandamus* in the Third Judicial District in Doña Ana County, New Mexico on January 8, 2010, specifically addressed to the "District Judge Assigned" apparently to her *criminal* case pending in that district, either in magistrate or district court[1]. Doc. 1, Ex. 1 at 1. She seeks an order that will (i) dismiss with prejudice the criminal "charges" that have been brought against her in that district and treat Defendant "Judge Silva's orders and judgments . . . [as] 'Legal Nullities'"[2]; (ii) require the Defendant Sergeant David Testa, who arrested her, to issue a "formal apology" to her; (iii) declare that the state criminal charges

[1] Lackey left blank the case number, and the clerk of the state court assigned the petition a civil case number instead of filing it in Lackey's criminal case. Lackey states that she mailed a copy of the petition to "all parties involved" on January 7, 2010. Doc. 1, Ex. 1 at 15. But the petition is not denominated as a "complaint" and no summonses were issued by the state court. *See* Doc. 1 (attaching the petition for mandamus as the only document filed in the case); Doc. 2 at 1 (statement from Defendant Sergeant Testa's counsel allegedly waiving and accepting service of process); Doc. 8 at 2 n.1 (noting that Sergeant "Testa was never properly served").

[2] If Lackey's criminal case had originally been filed in a metro or magistrate court, perhaps she was seeking to appeal to the district court from orders issued by the magistrate judge.

> that she wants the court to dismiss cannot be brought against her ever again; and (iv) declare that the Respondents' acts violated her "rights to the equal protection of the laws." *Id.* at 12-13. Lackey purports to bring her petition for a writ of mandamus under state law and purportedly attached Testa's arrest report as a "defense exhibit" to the petition (which is not attached to the document filed in this Court). *See id.* at 1, 2. She contends that Defendant Testa, who was called to a "disturbance call" involving Lackey, another female, and a male, "fabricated" his arrest report and failed to include important events, including that, after he had told her she could leave, he drew his weapon and pointed it at her, and then forcefully "yanked" her out of her vehicle, causing her to fall to the ground and injuring her back, shoulder, neck, and both arms. *Id.* at 1-4. She states that Testa refused to allow her to take possession of her own truck, to check its registration to confirm that the truck in fact belonged to Lackey, or to give the keys to that truck back to her instead of allowing the other female (who had neither Lackey's permission to drive Lackey's truck nor a valid drivers' license) to keep her truck keys. *Id.* She states that she has "nothing against" Sergeant Testa "other than not doing what he took an oath to do: up-hold the law and make sure that Mrs. Lackey retrieved her vehicle and keys back," and does not request monetary damages from him any federal statute. *Id.* at 4. Testa removed the case to this Court on February 12, 2010. Lackey moved for remand on February 18, 2010.

Memorandum Opinion and Order at 1-2, filed April 6, 2010 (Doc. 11). The Court concluded that Lackey's case had to be remanded to state court because

> [a] review of Lackey's complaint shows that no federal question is presented on the face of Lackey's "properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. When alleging federal subject-matter jurisdiction, "[m]ere conclusory allegations of jurisdiction are not enough." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, (10th Cir. 1999).
>
> * * * *
>
> Testa did not recite any facts giving rise to this Court's jurisdiction in the notice of removal, concluding only that "this case arises under 42 U.S.C. § 1983, and various federal constitutional amendments, and involves federal questions." Doc. 1 at 1. Although Lackey Complaint does not request monetary damages or mention a federal statute, Sergeant Testa's counsel urges the Court to construe the *Petition for Writ of Mandamus* as an attempt to imply a claim against him in his individual capacity for monetary damages under 42 U.S.C. § 1983. In her motion for remand, Lackey contends that she purposefully did not file suit under § 1983 because she wanted to give the State "a chance to correct the unconstitutional acts" of Sergeant Testa; she also contends that the New Mexico appellate courts have jurisdiction over writs "of superintending control." Doc. 4 at 1-2.

> The Court will not construe Lackey's Complaint to imply a claim that she did not bring. The Tenth Circuit has repeatedly stated that, when a plaintiff brings suit in a *state* court, the presumption is "against removal jurisdiction." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (applying the presumption in a case in which diversity was the alleged basis for removal) (internal quotation marks omitted).
>
> * * *
>
> . . . . Testa did not meet his burden of establishing federal-question jurisdiction by setting "forth in the notice of removal itself, the *underlying facts* supporting the assertion" that this Court has jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (internal quotation marks and bracket omitted) (italics in original).

*Id.* at 3-5. The Court ordered the Clerk to mail a certified copy of the Order of Remand to the state court, and the Clerk did so.

But, sixteen days later, Testa moved for reconsideration of the Order of remand, seeking a second opportunity to set forth facts supporting his assertion that this Court has jurisdiction, and contending that, because, in her opposition to Testa's answer, Lackey reserved her right to amend her Mandamus Petition to allege a § 1983 action against him, the Court should infer that Lackey intended to pursue a § 1983 action against him[3]. *See* Doc. 12. No where in the motion did Testa

[3] The Court had already addressed this argument in its remand order, noting that the Court should not construe a state-court pleading to infer a federal claim because the presumption is against removal. On further reflection, the Court concludes that it also should not have granted reconsideration on the merits. The Court rejects Testa's argument that Lackey would not have to amend her pleading to assert a federal cause of action under 42 U.S.C. § 1983, based on his contention that the Supreme Court "impl[ied] a cause of action directly under the equal protection component of the Fifth Amendment" in *Davis v. Passman*, 442 U.S. 228 (1979). *See* Doc. 12 at 2. The *Davis* Court specifically noted that, in cases like the one at bar, where a plaintiff may be alleging that a state actor did something to violate federal constitutional rights, "§ 1983 serves to ensure that an individual [has] a cause of action for violations of the Constitution," and that "Section 1983, of course provides a cause of action only for deprivations of constitutional rights that occur 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory,' and thus has no application to this case." *Davis*, 442 U.S. at 239 n.16. Thus, to state a federal excessive-force claim, Lackey would have to first file an actual complaint, instead of a petition for a writ of mandamus, and then would have to allege in that complaint a violation of § 1983 in order to state a claim for violation of her constitutional rights. As the Court already noted, the right to removal

mention 28 U.S.C. § 1447(d), which is the statute applicable to review or reconsideration of remand orders, and the Court issued an order granting reconsideration before allowing Lackey, who is appearing pro se, an opportunity to respond. *See* Doc. 13.

The Tenth Circuit Court of Appeals very recently again noted that "the transmission of the remand order from the federal district court clerk to the state court, as contemplated by § 1447(c), operates to divest federal district courts of further jurisdiction over the case." *BP Am., Inc. v. Okla. ex rel. Edmondson*, ___ F. 3d ___, ___, 2010 WL 2961253, *4 (10th Cir. July 29, 2010) (citing cases holding that, "once a federal district court remands a case and mails a certified copy of its order to the state court, the district court loses all jurisdiction . . . .") (emphasis deleted); *see In Re Bear River Drainage Dist.*, 267 F.2d 849, 851-52 (10th Cir. 1959) (noting that "[a] remand order is not subject to review either directly or indirectly," and quoting *United States v. Rice*, 327 U.S. 742, 749 (1946) for the proposition that each party "'loses, by the order [of remand], such right as there may be to litigate the case in the federal courts on removal, but both retain such rights as they may have to continue the litigation in the state court or to bring an independent suit in the federal courts.'"). Because this Court had transmitted the case back to the state court on April 6, it no longer had subject-matter jurisdiction over this case on April 22, and I erred in reconsidering the remand order.

Further, I was statutorily precluded from reviewing the remand order. Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," except in a situation not applicable here. Although the Tenth Circuit has not squarely held that this statute precludes a district court from reconsidering its remand orders that are based on an absence of subject-matter jurisdiction, it has implicitly approved of cases

---

must be based on the original filed pleading, and not on a speculation that the plaintiff may amend a pleading in the future.

in which courts in this and other district have refused to reconsider their remand orders. *See e.g.*, *Chaara v. Intel Corp*., No. 06-2191, 245 Fed. Appx. 784, 787, 2007 WL 2358670, *2 (10th Cir. Aug. 20, 2007) (noting that the "district court ruled as to *Chaara I* that it was bound by its previous decision to remand by 28 U.S.C. § 1447(d)" and refusing to review the remand order); *Scherer v. Merck & Co., Inc.*, No. 06-3295, 241 Fed. Appx. 482, 483-84, 2007 WL 1969680, *1 (10th Cir. July 9, 2007) (noting that "the district court held that under 28 U.S.C. § 1447(d) it did not have jurisdiction to review its own remand order. Consequently, the district court held that [the] motion to reconsider was moot in light of the court's remand of the case to state court"). And there are Tenth Circuit cases that indicate that district-court review of a remand order is absolutely foreclosed by § 1447(d). *See Dalrymple v. Grand River Dam Auth.*, 145 F.3d 1180, 1184 (10th Cir. 1998) (holding that a remand "order is rendered nonreviewable under § 1447(d) . . . even if the district court's jurisdictional determination appears erroneous, so long as that determination was made in good faith"). The First, Fourth, and Eleventh Circuits have all held that § 1447(d) precludes district-court reconsideration of a remand order. *See In re La Providencia Dev. Corp.*, 406 F.2d 251, 252-53 (1st Cir. 1969); *Three J Farms v. Alton Box Bd. Co.*, 609 F.2d 112, 115 (4th Cir. 1979) ("Unquestionably, [§ 1447(d)] not only forecloses appellate review, but also bars reconsideration of such an order by the district court."); *First Union Nat'l Bank v. Hall*, 123 F.3d 1374, 1377 (11th Cir. 1997) (stating that "nonreviewability [under § 1447(d)] extends to the power of a district court to reconsider its own remand order"). As the First Circuit explained long ago, the rationale behind this strict rule of nonreviewability is that

> the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court. . . . The district court has one shot, right or wrong.

*In re La Providencia Dev. Corp.*, 406 F.2d at 252-53. Because I was statutorily foreclosed from reconsidering the remand order and lost subject-matter jurisdiction upon remand, I had no jurisdiction to enter the order reconsidering the remand order. The April 29 Order is void, as are the other orders entered in this case since April 6, 2010. *See United States v. 51 Pieces of Real Prop.*, 17 F.3d 1306, 1309 (10th Cir. 1994) ("a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action"); *RMP Consulting Group, Inc. v. Datronic Rental Corp.*, No. 98-5062, 189 F.3d 478, 1999 WL 617690, *3 (10th Cir. Aug. 16, 1999) (unpublished) (citing cases holding that "[a] federal court lacking subject matter jurisdiction over a removed case must remand it to the state court from whence it came. A federal court lacking subject matter jurisdiction cannot rule on other pending motions," and vacating "all post-removal orders entered by the district court").

**IT IS ORDERED** that all orders issued since the original remand are VACATED and the case is once again REMANDED to the Third Judicial District Court, Doña Ana County, New Mexico; and that the Clerk shall mail a certified copy of this order of remand to the clerk of the State court.

**UNITED STATES DISTRICT JUDGE**